58 CCPA
**Application of Conrad O. GARDNER.**
**Patent Appeal No. 8523.**

United States Court of Customs
and Patent Appeals.
May 20, 1971.

Conrad O. Gardner, pro se.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Marion Parsons, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and LANDIS, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection under 35 U.S.C. § 103 of claims 6–9 in appellant's application for "Method and Apparatus for Extinguishing Fires."[1] Claim 10 was allowed.

The claimed invention is readily understood from a reading of claim 7 in the light of Fig. 3 of appellant's drawings.

7. Apparatus for firefighting comprising a flexible fire blanket [4] capable of being disposed closely and tightly over a burning object [10] thereby entrapping a minimum of air with said object and means [11] coupled to said fire blanket capable of passing non-combustion supporting gas into the fire area enclosed by said flexible blanket.

Claims 8 and 9 are dependent upon claim 7. Claim 8 recites a hose coupled to the fire blanket, and claim 9 states that the fire blanket is comprised of fireproof fabric. Claim 6 is drawn to a

---

1. Serial No. 503,609 filed October 23, 1965.

method of extinguishing a fire with a fire blanket and a noncombustion supporting gas.

The references relied on as prior art were Diacos[2] and Padellford.[3] Diacos discloses a flexible fire blanket of fireproof material. Padellford discloses a fire extinguishing apparatus comprising an asbestos cup for confining and extinguishing a fire. The patent teaches that the cup may be supplied with incombustible or inert gas for extinguishing the fire.

The examiner rejected the claims here on appeal as being obvious over Diacos in view of Padellford, observing that:

> Diacos discloses every feature of these claims except passing a non-combustion supporting gas under the blanket. It would be obvious to one having ordinary skill in the fire extinguishing art to augment the smothering capabilities of the Diacos blanket 10 by supplying $CO_2$ underneath the blanket, such as suggested by Padellford.

In affirming, the board stated that:

> We share the Examiner's view that common fire fighting knowledge would make it obvious that gas smothering and enclosure smothering would be desirable supplements. The Padellford reference by using an asbestos cloth cover and gas cartridge appears to us to fully illustrate the structure and practice required to create the method and apparatus. For the enclosure to be flexible is not in conflict with Padellford and is a practice fully presented by Diacos.

Appellant contends that there is no teaching of combining the blanket of Diacos with the incombustible gas of Padellford. However, Padellford clearly conveys the concept of placing a fireproof enclosure over a fire and supplying it with an incombustible gas. We think this would suggest to one of ordinary skill in the subject art that any

fireproof enclosure, such as disclosed by Diacos, could be supplied with an incombustible gas to augment the effectiveness of the enclosure means in extinguishing a fire. We agree with the Patent Office that it would have been obvious to one of ordinary skill in the art to supply the fireproof blanket of Diacos with an incombustible gas as suggested by Padellford. Accordingly, we affirm the decision of the board.

Affirmed.

58 CCPA

2. U. S. Patent No. 2,720,269, issued October 11, 1955.

3. U. S. Patent No. 3,283,826, issued November 8, 1966 on an application filed August 20, 1963.